

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

This Opinion
WITHDRAWS Opinion
Overrules Opinion
# 0-5181 and
substitutes this opinion
in lieu thereof

Honorable Earl Conner, Jr.
District Attorney
Eastland County
Eastland, Texas

Dear Sir:

Opinion No. 0-5181A
Re: Reconsideration of Opinion No.
0-5181 concerning the jurisdiction of the county court of
Eastland County.

Your letter of April 13, 1943, with reference to our opinion No. 0-5181 reads in part as follows:

"...

"Since my request on April 3rd and before I received your opinion I discovered another Act which I desire to call to your attention. In construing this Act I am of the opinion that Eastland County will have limited jurisdiction insofar as criminal cases in the county court are concerned. Please refer to Chapter 71, Page 74 Acts of the Legislature of 1881.

"In view of this Act of 1881 I am sure that you will desire to withdraw your original opinion and render another which will give the County Court limited jurisdiction.

"..."

In 1879, the Legislature of Texas, Special Session, by an Act known as Chapter 26, (page 21 Texas General and Special Laws, Regular and Called Sessions, 16th Legislature, 1879) diminished the civil and criminal jurisdiction of the County Courts of Eastland and other counties mentioned, giving them general jurisdiction of probate courts, and conferring upon

the district courts of said counties jurisdiction in all matters in cases over which, by general laws of the State, the county courts of said counties had jurisdiction.

In view of the foregoing Act this department held in opinion No. O-5181 that the County Court of Eastland County did not have jurisdiction of criminal cases. However, in preparing the above mentioned opinion this department inadvertently overlooked or failed to find Chapter 71 (page 74), Acts of the 17th Legislature, Regular Session, 1881. Said Chapter 71 reads as follows:

"That the county courts of Palo Pinto, Eastland, Stephens, Callahan, Taylor, Brazoria, Matagorda, Coleman, Bowie, Brown, Morris and Camp counties, shall hereafter have exclusive original jurisdiction in civil cases, when the matter in controversy shall exceed in value two hundred dollars and shall not exceed five hundred dollars, exclusive of interest, and shall have concurrent jurisdiction with the district courts of said counties, when the matter in controversy shall exceed five hundred, and not exceed one thousand dollars.

"SEC. 2. Said county courts shall have appellate jurisdiction in civil cases over which the justices' courts have original jurisdiction, when the judgment of the court appealed from, or the amount in controversy shall exceed twenty dollars, exclusive of costs; and said county courts shall also have power to hear and determine cases brought up from the justices' courts by certiorari, under the provisions of the title of the Revised Civil Statutes relating thereto.

"SEC. 3. The county judges of said counties shall have authority, either in term time or in vacation, to grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari and supersedeas, and all other writs necessary to the enforcement of the jurisdiction of said courts, and shall also have power to issue writs of habeas corpus in all cases in which the constitution has not conferred the power on the district courts or judges thereof.

"SEC. 4. Said county courts shall have jurisdiction in the forfeiture and judgment of all bonds and recognizances taken in criminal cases, of which criminal cases said courts have jurisdiction.

"SEC. 5. Said county courts shall have exclusive original jurisdiction of all misdemeanors, except misdemeanors involving official misconduct, and except cases in which the highest penalty of fine that may be imposed under the law may not exceed two hundred dollars; and said courts shall also have appellate jurisdiction in criminal cases, of which justices of the peace and other inferior tribunals of said counties have original jurisdiction.

"SEC. 6. The district courts of said counties of Palo Pinto, Eastland, Stephens, Callahan, Taylor, Brazoria, Matagorda, Coleman, Bowie, Brown, Morris and Camp, shall no longer have jurisdiction of cases of which the county courts of said counties, by the provisions of this act, have exclusive original or appellate jurisdiction; and it shall be the duty of the district clerks of said counties, within twenty days after the passage of this act, to make a full and complete transcript of all orders on their respective dockets in cases now pending before said district courts, of which cases, by the terms of this act, exclusive jurisdiction is given to the county courts, and to deliver said transcripts, together with the original papers, and a certified bill of costs in each case, to the county clerks of their respective counties, and said county clerks shall enter said cases on their respective dockets for trial by said county courts.

"SEC. 7. The county courts of said counties shall hereafter hold their regular terms for civil and criminal business as provided in the constitution and general laws of the State, and all process heretofore issued from the district courts of said counties, in cases to be transferred under this act to the county courts, shall be returnable to the first term of the proper county court, and all

civil cases so transferred shall be entered as appearance causes upon the dockets of the respective county courts.

"SEC. 8. The crowded condition of the dockets of the district courts of said counties, creates an emergency and imperative public necessity that the rule be suspended, and that this act take effect and be in force from and after its passage, and it is so enacted."

We regret our error in overlooking the foregoing Act. In view of said Act it is the opinion of this department that the County Court of Eastland County has jurisdiction of criminal cases as authorized therein. Therefore, we withdraw our opinion No. O-5181 and substitute this opinion in lieu thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp

APPROVED APR 26, 1943

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN